UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

JACKSON V. GANDY ET AL

Civil No. 1:09-cv-01141 RMB-JS

AMENDED COMPLAINT

F.R.C.P. 8(A)

VINCE JACKSON, PRO SE, PLAINTIFF, HEREBY FILES AN AMENDED COMPLAINT WITH REGARD TO THE ABOVE CAPTIONED ACTION, AS OF RIGHT, PURSUANT TO F.R.C.P. 8(A)., TO INCLUDE THE FOLLOWING DEFENDANTS.

GEORGE W. HAYMAN, COMMISSIONER, N.J. DEPARTMENT OF CORRECTIONS,

THOMAS SULLIVAN, ADMINISTRATOR, BAYSIDE STATE PRISON,

JOHN OR JANE DOE CHIEF, ADMINISTRATOR, BAYSIDE STATE PRISON,

MS. KAREN BALICKI, ADMINISTRATOR, SOUTHWOODS STATE PRISON,

JOHN OR JANE DOE ADMINISTRATORS, CORRECTIONAL MEDICAL SERVICES, BAYSIDE STATE PRISON,

JOHN OR JANE DOE ADMINISTRATORS, CORRECTIONAL MEDICAL SERVICES, SOUTHWOODS STATE PRISON,

JOHN OR JANE DOE CAPTAINS, AREA SUPERVISORS, BAYSIDE STATE PRISON,

JOHN OR JANE DOE CAPTAINS, AREA SUPERVISORS, SOUTHWOODS STATE PRISON,

JOHN OR JANE DOE LEIUTENANTS, AREA SUPERVISORS, BAYSIDE STATE PRISON,

JOHN OR JANE DOE LEIUTENANTS, AREA SUPERVISORS, SOUTHWOODS STATE PRISON,

JOHN OR JANE DOE SERGEANTS, AREA SUPERVISORS, BAYSIDE STATE PRISON,

JOHN OR JANE DOE SERGEANTS, AREA SUPERVISORS, SOUTHWOODS STATE PRISON,

JOHN OR JANE DOE NURSE(S), CORRECTIONAL MEDICAL SERVICES, BAYSIDE STATE PRISON,

JOHN OR JANE DOE NURSE(S), CORRECTIONAL MEDICAL SERVICES, SOUTHWOODS STATE PRISON,

DEFENDANTS, TO BE ADDED TO THE ORIGINAL COMPLAINT WITH REGARD TO THE ABOVE CAPTIONED ACTION.

## JURISDICTION

THE U.S. DISTRICT COURT, DISTRICT OF NEW JERSEY, HAS JURISDICTION PURSUANT TO 42 U.S.C.A., SS 1981, 1983, AND ALSO UNDER 28 U.S.C.A. SS 1331 AND 1343. THE COURT HAS JURISDICTION AS PLAINTIFF ALLEGES VIOLATIONS OF HIS 8TH AMENDMENT U.S. AND NEW JERSEY CONSTITUTIONAL RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENT.

## PLAINTIFF

PLAINTIFF, VINCENT JACKSON, IS AND AT ALL TIMES MENTIONED HEREIN, WAS A PRISONER INCARCERATED FOR CRIMINAL CONVICTIONS IN NEW JERSEY STATE SUPERIOR COURT, IN THE STATE OF NEW JERSEY. MR JACKSON SUES FOR INJURIES THAT HE SUFFERED AT THE HANDS OF THE CORRECTIONS OFFICERS NAMED IN THE ORIGINAL COMPLAINT, WHILE HE WAS HOUSED AT THE BAYSIDE STATE PRISON, LOCATED IN LEESBURG, NEW JERSEY. SINCE HIS INJURY, PLAINTIFF HAS NOT RECEIVED SUFFICIENT MEDICAL TREATMENT FOR THE INJURIES THAT HE SUFFERED, UP UNTIL SUCH TIME AS HE WAS RELEASED FROM PRISON AND WAS ABLE TO SEE HIS OWN DOCTORS AND OTHER MEDICAL STAFF AT PRIVATE AND PUBLIC INSTITUTIONS. TO DATE, PLAINTIFF STILL SUFFERS FROM THE INJURIES THAT HE SUSTAINED WHILE HE WAS INCARCERATED AT BOTH THE BAYSIDE STATE PRISON, AND ALSO WHILE HE WAS HOUSED AT THE SOUTHWOODS STATE PRISON, LOCATED IN BURLINGOTN, NEW JERSEY.

## DEFENDANTS

THE DEFENDANTS, AND ALL OF THEM, INCLUDING THE DEFENDANTS NAMED IN THE ORIGINAL COMPLAINT, ARE  SUED BOTH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, AND AT ALL TIMES MENTIONED HEREIN, THEY ACTED IN CONCERT, AND INDIVIDUALLY, UNDER OF STATE LAW, TO SYSTEMATICALLY DEPRIVE THE PLAINTIFF OF HIS RIGHTS AS PRIVIDED BY BOTH THE US. AND N.J. CONSTITUTIONS. DEFENDANTS ARE BEING SUED FOR THE AMOUNTS OF $1,000,000.00 EACH IN PUNITIVE DAMAGES, AND FOR $1,000,000.00 EACH FOR COMPENSATORY DAMAGES, AS WELL AS COSTS OF COURT, FILING AND ATTORNEY'S FEES.

1. Defendants George W. Hayman, Commisioner, N.J. Department of Corrections, Thomas Sullivan, Administrator, Bayside State Prison, John Or Jane Doe Administrator, Bayside State Prison, Ms. Karen Balicki, Administrator, Southwoods State Prison, John or Jane Doe Administrators, Correctional Medical Services, Bayside State Prison, John or Jane Doe Administrators, Correctional Medical Services, Southwoods State Prison, are all department heads of their respective agencies.
2. Defendant George W. Hayman, Commissioner, is individually responsibel for the custody, care, discipline, training and treatment of adult offenders committed to state correctional facilities and institutions in the state of New Jersey, or who are on parole supervision. He is to train, supervise and assist in the training and supervision of those under him and in his command, who are in turn directly responsible for the care, custody, control, management, and health of offenders lodged in institutions in the state of New Jersey. All of the defendants aforementioned are responsible for the protection of those offenders in their care, custody and control, against being victimized and/or assaulted by anyone or made to suffer serious bodily injury at the hands of those in their command. The aforementioned defendants were derelect in their respective duties, in allowing those in their command to directly or indirectly cause bodily injury to the plaintiff, and also acted in concert or individually in denying p adequate and timely medical care and treatment for the injuries that he sufferd at the hands of coreections officer named in the original complaint, said correctional officers having had a propensity towards assaulting inmates with an assaultive history that the defendants knew or should have known to exist, thus the defendants acted with deliberate indifference to the serious medical needs to plaintiff, in denying him proper medical analysis and treatment for the injuries that he suffered at the hands of the correctional officers named in the original complaint.
3. The defendants aforementioned acted jointly in denying the plaintiff his rights, secured by the 8th amendment to the U.S. and N.J. constitutions, against cruel and unusual punishment, by being deliberately indifferent to his serious meidical needs, and by also failing to protect him against assaultive behavior by those in their direct command. The defendants knew, or should have known about the serious medical needs of plaintiff, after being made aware of his condition and the assault by those immediate supervisors in his/their command.
4. All of the defendants in the complaint conspired by acting in concert, alone, or individually, to deprive the pla ntiff of his 8th amendment right against cruel and unusual punishment being inflicted upon him, and thus concertedly being deliberately indifferent to his serious medical needs for injuries he suffered at the hands of the correctional officers named in the original complaint. All of the defendants are employees of the department of corrections, and thus all are jointly responsible for the care, custody, control, health, protection and rights of those commited to the institutions in which they are responsible for the administration of. It is also their joint responsibility to train, supervise, and take corrective measure when they discover a derelection of the duties of those in their respective commands and in jointly ignoring those duties, they conspired to violate the rights of the plaintiff.
5. DefendantsThomas Sullivan, John or Jane Doe Administrator, Ms. Karen Balicki, John or Jane Doe Administrator Correctional Medical Services, Bayside and Southwoods State Prison, acted in

concert and individually to deprive plaintiff of his rights against cruel and unusual punishment, by failing to take corrective action, failing to train and supervise those in their commands, to insure the constitutional protections privided plaintiff, who was in their care, custody and control at all times mentioned in the complaint. All of the defendants were deliberately indifferent to the rights of plaintiff, and jointly and individually deprived or caused deprivation by their inaction, of plaintiff's constitutional right against cruel and unusual punishment, guaranteed by the U.S. and N.J. constitutions.

6. Defendants John or Jane Captains, John or Jane Doe Leutinants, John or Jane Doe Sargents, at both Bayside and Southwoods State Prison, are all area supervisors at their respective institutions, and it is their responsibility to train and supervise those in their respective commands, to see to it that they are performing their duties, in accordance with department of corrections standards, and that they do not allow those in their commands to assault, or otherwise deprive the Inmates in their care, custody and control of their rights, guaranteed by the constitution. These defendants either knew or should have known about the acts of those in their command, and did nothing, deliberately failing to take coirrective actions, to insure that those in their control, care and custody were not deprived of their constitutional rights, guaranteed by the constitutions of N.J. and the U.S.

7. John or Jane Doe Nurse(s) Correctional Medical Services, at both Bayside and Southwoods State Prisons, were all of them responsible for the medical care of those in their respective corrrectional institution,s and it was their responsibility to administer the proper medical attenttion to those injured or otherwise injured in the institutions. These individuals acted singly, or in concert to deprive the plaintiff of his rights secured by the 8th amendment to the constitution, against cruel andunusual punishment being inflicted, by being deliberately indifferent to the rights of the plaintiff.

## CONCLUSION AS TO DEFENDANTS

All of the defendants, acted, failed to act, and/or jointly conspired by their acts or ommision, to deprive the plaintiff or his 8th amendment constitutinal rights against cruel andunusual punishment being inflicted, by being deliberately indifferent to the rights of plaintiff, to his serious medical needs, and failed to train and supervise those in their command and in the performance of their duties. All of the aforementioend defendants, while employed by the state of New Jersey, in their individual and official capacities, under of state law, intentionally singulary, individually, jointly, maliciously conspired by their acts or ommissions, to deprive the plaintiff of his rights against cruel andunusual punishment, by consciously deliberately being indifferent to the serious medical needs of the defendant, by failing to p. operly diagnose his serious medical needs, and also by failing to Act when they kjnew or should have known a problem existed with those in their command.

## RELIEF SOUGHT

Wherefore, Plaintiff seeks compensatory damges in the amount of $1,000,000.00 and punitive damages in the amount of $1,000,000.00 and the costs of attorney's fees and for filing of this action.

*Vince Jackson #322985B*
VINCE JACKSON, PRO SE



Vince Jackson 322985B (cv#1:09-01141 RMB)
1032 Sewall Ave
Asbury Park NJ 07712

U.S. DISTRICT COURT
PO BOX 2797
CAMDEN NJ 08101

RECEIVED
2010 JAN 25 A 11:41
WILLIAM T. WALSH, CLERK
UNITED STATES
DISTRICT COURT