# B. David Jarashow

**Attorney at Law**
**31 West Main Street – 2nd floor**
**Freehold, New Jersey 07728**

**Tel. 732-303-6330**
**Fax 732-909-2079**

Hon. Ann Marie Donio, U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

October 23, 2015

**Re: Jackson v. Gandy et als - Civil Action # 09-1141 (AMD)**

Dear Judge Donio:

This office, along with Steven Gabor, Esq., represents Plaintiff Vince Jackson in the above matter. Kindly accept this letter brief in lieu of a more formal brief in support of Plaintiff's Motion *In Limine*,

## A. <u>Evidence Which is Irrelevant or Alternatively Where the Probative Value is Outweighed by its Prejudicial Effect Should Be Excluded.</u>

Federal Rule of Evidence 401 defines "relevant evidence" as evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401. Unless the Rules of Evidence provide otherwise, relevant evidence will be admissible. *U.S. v. Sriyuth.* 98 F.3d 739. 745 (3d Cir. 1996) (citing *United States v. Scmfo,* 850 F.2d 1015, 1019 (3d Cir.), *cert. denied.* 488 U.S. 910 (1988); *Huddleston v. United States,* 485 U.S.

681. 687 (1988)); *see also* FRE 402. However, according to FRE 403:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FRE 403. Thus, courts analyze the admissibility of the evidence by "balancing its probative value versus its prejudicial effect." *Forrest v. Beloit Corp.,* 424 F.3d 344, 354 (3d Cir. 2005): *see also Diehl v. Blaw-Knox,* 360 F.3d 426. 430 (3d Cir. 2004) (Pursuant to FRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."); *US. v. Universal Rehabilitation Services,* 205 F.3d 657, 664 (3d Cir. 2000) (Evidence may be excluded if it would cause undue delay, be a waste of time, or needlessly present cumulative evidence).

When faced with an objection under FRE 403, the court must balance the genuine need for the challenged evidence against the risk that the information will confuse the jury and delay the trial. "*In re Paoli Railroad Yard PCB Litigation.* 113 F.3d 444, 453 (3d Cir. 1997) (citing *United States v. Sriyuth,* 98 F.3d 739, 747-48 (3d Cir. 1996)). Thus, evidence, even if otherwise admissible, may be excluded under FRE 403 where it would not help jury with ultimate issue of the case and would be confusing. *Hines v. Brandon Steel Decks, Inc.,* 886 F.2d 299, 304 (11th Cir. 1989). The issue in this case should be whether Bayside State Prison Correction Officers Gandy, Saduk and Roman used excessive

force against Plaintiff Vince Jackson and failed to protect him.

### 1. Any Reference to or Evidence of Mr. Jackson's Prior Arrests, Convictions, Prison Disciplinary History and Past Detentions Should Be Excluded Because Such References Will Only Serve To Unfairly Prejudice Mr. Jackson And Confuse The Jury.

Mr. Jackson's arrests, felony convictions exceeding ten years, misdemeanor charges/convictions, prison disciplinary history and past detentions do not satisfy the threshold of relevance, nor should they be used to attack Mr. Jackson's credibility. Furthermore, Mr. Jackson's felony convictions from 2006 do not involve "crimes of dishonesty" but rather drug related charges, and should therefore be excluded as well.

Federal Rule of Evidence 609 states that for the purposes of attacking the character for truthfulness of a witness, evidence that a witness has been convicted of a crime shall be admitted, subject to FRE 403, if the conviction was punishable by death or by imprisonment in excess of one year, and is within ten years. Mr. Jackson has two felony convictions both exceeding ten years[1]. Consequently, these convictions exceeding ten years cannot be used for impeachment purposes.

Any of Mr. Jackson's misdemeanor convictions, being punishable by less than a year, also cannot be used to impeach the credibility of a witness.

In fact all of Mr. Jackson's prior convictions and arrests should also be barred from evidence as irrelevant. FRE 401 addresses the relationship of the challenged evidence to a fact that is of consequence to determining the disputed issue. FRE 401.

---

[1] Mr. Jackson was sentenced for Indictments 99-09-1240-1 and 97-08-00920-1 (CDS/Possess. Use or Being Under Influence/3) on May 5, 2000 and released from custody on March 21, 2002.

The Rule states that relevant evidence is any evidence that tends to make the existence of any material fact more or less probable than it would be without the evidence. Relevance is a minimum requirement for admissibility. FRE 402. Mr. Jackson's prior convictions have no correlation to the main issue in this case – whether the Defendants used excessive force against him and failed to protect him. The same is true of any of Plaintiff's witnesses with prior convictions and arrests.

Mr. Jackson's prior convictions and arrests are irrelevant to the issues for a jury to decide or are so antiquated as to lack any probative value. To the extent Mr. Jackson is alleged to be the aggressor, the prior felony convictions were not violent in nature, and thus, are not relevant to the issue.

In the alternative, if the Court determines that there is some relevance to the issues, the Court must then balance the danger of unfair prejudice against the probative value. Applying this balancing test any probative value would be outweighed by its prejudicial effect.

Any attempt to present Plaintiff's disciplinary record and the resulting punishment received from his "Court Line Hearing" would improperly portray Plaintiff's alleged "bad character" in violation of Rule 404(b). Additionally, Plaintiff's disciplinary record should be excluded on Rule 403 grounds.

Use of Plaintiff's disciplinary record should be deemed inadmissible character evidence. Any attempt to show a pattern of bad behavior by Plaintiff is exactly the sort of character evidence that Rule 404(b) precludes.

Finally, the internal disciplinary procedures that take place in New Jersey State prisons are specifically designed to resolve issues of those who are already incarcerated.  At best there were limited due process and constitutional protections.  In fact, in Plaintiff's disciplinary matter, he was denied permission to take a polygraph, his witnesses were denied permission to submit to a polygraph, he was denied an opportunity to have any of his witnesses testify on his behalf, to confront his accuser or to be represented by counsel at the disciplinary "Court Line Hearing." Accordingly, any reference to plaintiff's disciplinary file or the decision made in connection with the Court Line Hearing"  would be highly prejudicial and would be confusing to the jury since the burden of proof and legal standards are significantly different than a criminal proceeding.

2. **Any Reference to Plaintiff "Remaining Combative" or "Disrupting Normal Schedules and Operation" Should be Excluded Because Such References Will Only Serve to Unfairly Prejudice Mr. Jackson, Confuse the Jury, and Go to the Ultimate Issue of Fact.**

With respect to any reference by Defendants to allegations of Plaintiff Jackson "remaining combative", dragging his feet, or resisting while being escorted to the infirmary on July 9, 2007, Plaintiff was been beaten unconscious by Defendants and other corrections officers.   His condition is reflected in a video taken by the Special Investigation Division that night.  The video shows Plaintiff barely able to maintain consciousness when escorted by guards from Bayside Prison to a van transporting him to South Woods Prison; (**Exhibit A** – CD of July 9, 2007 escort of Plaintiff Vince Jackson from Bayside State Prison (copy of CD attached to hard copy of motion papers and forwarded to the Court)).

The same is true regarding any reference by Defendants to allegations of Plaintiff

Jackson "disrupting normal schedules and operation of BSP activities".  As reflected in the videotape of the escort of Plaintiff on July 9, 2007, had the Defendants not beaten Plaintiff unconscious, the normal schedules and operation of BSP activities would likely not have been disrupted.

Finally, such references by Defendants go to the ultimate issues at trial.  The jury should be entitled to decide for themselves whether the Defendants used excessive force against Plaintiff or whether Plaintiff was the aggressor in connection with the physical confrontation that took place on July 9, 2007.  Self-serving references or documents claiming that Plaintiff was "remaining combative" or "disrupting normal schedules and operation of BSP activities" should therefore be excluded.

B. <u>Any Reference to the Photo Array of Defendant Roman Should be Excluded</u>

With respect to the photo array issue raised by Defendants regarding Defendant Officer Roman, as the Court points out in an Order dated June 29, 2012 denying summary judgment on this issue (Document 84, 22-23), Plaintiff indicated that the photo array was a "photocopy of a photocopy of some very small, grainy and unclear black and white copies of pictures," and that "[w]hen Mr. Jackson saw Officer Roman appear at [the] deposition this past July [2001], he immediately recognized him." (Pl.'s Br. 9, ¶ 5.) At Plaintiff's deposition Plaintiff testified that Roman "beat me and assaulted me along with Gandy and Saduk." (Jackson Dep. Tr. [Doc. No. 58-3] Ex. G, 18:8-22).  Furthermore, the photo array in question was not included by Defendants in the JOINT FINAL PRETRIAL ORDER, Section VII - Exhibits.  Accordingly, since the photo array in question is not going to be introduced by Defendants, any reference to same should be prohibited at trial.

For the above reasons, Plaintiff respectfully requests that the Court preclude

Defendants from referring to, or attempting to introduce into evidence: Plaintiff's Prior Arrests, Convictions, Prison Disciplinary History or Past Detentions; the photo array of Defendant Officer Andrew Roman; and that Plaintiff "Remaining Combative" or "Disrupting Normal Schedules and Operation" at Bayside State Prison on July 9, 2007 at trial.

                                                  Respectfully submitted,

                                                  *s/B. David Jarashow*

                                                  B. DAVID JARASHOW