UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

_____

VINCE JACKSON                  :      HON. ANN MARIE DONIO, U.S.M.J.
                               :
          Plaintiff,           :      Civil Action No. 09-1141
                               :
      v.                       :
                               :
ERIC GANDY, et al.,            :
                               :
          Defendants.          :
_____:


_____

BRIEF IN SUPPORT OF A MOTION FOR STAY PENDING THE SUPREME
COURT'S DECISION IN ROSS V. BLAKE
_____


                    JOHN J. HOFFMAN
                    ACTING ATTORNEY GENERAL OF NEW JERSEY
                    R.J. Hughes Justice Complex
                    25 Market Street
                    P.O. Box 112
                    Trenton, New Jersey 08625
                    Attorney for Defendants




By:  Marvin L. Freeman
     Deputy Attorney General

     Vincent J. Rizzo, Jr.
     Deputy Attorney General

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................... ii

PRELIMINARY STATEMENT ...........................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ......................2

ARGUMENTS

    Point I.................................................. 6

        THE SUPREME COURT'S DECISION IN BLAKE MUST BE
        GIVEN FULL RETROACTIVE EFFECT IN THIS CASE .......... 6

    Point II................................................. 7

        THIS COURT HAS BROAD AUTHORITY TO STAY
        THIS ACTION PENDING RESOLUTION OF THE
        MATTER BEFORE THE U.S. SUPREME COURT .............7

    Point III ...............................................10

        A STAY OF THE PROCEEDINGS UNTIL THE SUPREME
        COURT RULES ON THE EXHAUSTION ISSUE PROMOTES
        JUDICIAL ECOMOMY, WOULD NOT CAUSE HARM TO
        EITHER PARTY AND THE LENGTH OF THE STAY WOULD
        BE MIMIMAL.......................................10

CONCLUSION................................................. 13

## <u>TABLE OF AUTHORITIES</u>

### <u>FEDERAL STATUTES</u>

42 <u>U.S.C.</u> § 1983 .............................................. 2

42 <u>U.S.C.</u> § 1997(e)(a) ........................................ 1

### <u>FEDERAL CASES</u>

Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC,
Civ. 11-cv-011, 2011 U.S. Dist. LEXIS 102743
(D.N.J. Sept. 9, 2011) ...................................... 7

Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am.,
544 <u>F.</u>2d 1207, 1215 (3d Cir. 1976) ........................ 8, 11

Blake v. Ross,
787 <u>F.</u>3d 693 (4th Cir. 2015) .............. 1, 5, 6, 7, 8, 11, 12

Cessna Aircraft Co. v. Fidelity & Cas. Co. of N.Y.,
616 <u>F. Supp.</u> 671 (D.N.J. 1985) ................................ 8

Chevron Oil Co. v. Huson,
404 <u>U.S.</u> 97 (1971) ........................................... 6

Harper v. Virginia Dep't of Taxation,
509 <u>U.S.</u> 86 (1993) ........................................ 6, 7

Hertz Corp. v. Gator Corp.,
250 <u>F.Supp.</u> 2d 421 (D.N.J. 2003) ............................. 8

James Beam Distilling Co. v. Georgia,
501 <u>U.S.</u> 529 (1991) .......................................... 6

Jenkins v. Hayman
No. 09-4989, 2013 WL 3201326, at *9
(D.N.J. June 24, 2013) ..................................... 5, 9

Landis v. N. Am. Co.,
299 <u>U.S.</u> 248 (1936) .......................................... 8

Linkenmeyer v. Novartis Pharmaceuticals, Corp.,
Civ. 07-cv-1657, 2008 U.S. Dist. LEXIS 18608
(D.N.J. March 10, 2008) ..................................... 12

<u>McDonald v. Novartis Pharms., Corp.</u>,
No. 07-cv-655, U.S. Dist. LEXIS 86140
(D.N.J. Nov. 20, 2007) ....................................... 10

<u>MEI, Inc. v. JCM Am. Corp.</u>,
No. 09-cv-351, 2009 U.S. Dist. LEXIS 96266
(D.N.J. Oct.15, 2009) ........................................ 8

<u>Nyhuis v. Reno</u>,
204 <u>F.</u>3d 65 (3d Cir. 2000) .................................. 10

<u>Peterson's Nelnet</u>,
2001 U.S. Dist. LEXIS 102743 ................................ 12

<u>United States v. Breyer</u>,
41 <u>F.</u>3d 884 (3d Cir. 1994) ................................... 8

<u>Woodford v. Ngo</u>,
126 S. Ct. 2378 (2006) ..................................... 3, 9

**PRELIMINARY STATEMENT**

On September 29, 2014, this court issued an opinion denying defendants' motion for summary judgment wherein defendants argued that plaintiff had failed to exhaust his administrative remedies under the Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997(e)(a).   The court noted that alternative and parallel grievance procedures can suffice to meet the exhaustion requirement.   This court also noted that under certain circumstances courts have relaxed the requirement to strictly comply with expressed exhaustion requirements.   Accordingly, this court held that plaintiff's presentment of his assault allegations in the context of his disciplinary hearing satisfied the PLRA exhaustion requirement.

On December 11, 2015, the U.S. Supreme Court granted certiorari in Blake v. Ross, 787 F.3d 696 (4th Cir. 2015), which presented the question: Did the Fourth Circuit misapply this Court's precedents in holding, in conflict with several other federal courts of appeals, that there is a common law "special circumstances" exception to the Prison Litigation Reform Act that relieves an inmate of his mandatory obligation to exhaust administrative remedies when the inmate erroneously believes that he satisfied exhaustion by participating in an internal investigation.

The issue before the Supreme Court and in this case deals with the application of court precedent as it relates to exhaustion of administrative remedies under the PLRA. The resolution of the issue will have a direct and substantial impact on this case because the decision must be given full retroactive effect to all cases pending. Therefore, in the interest of promoting judicial economy, defendants move to have the court exercise its discretion to stay this case, pending resolution of the related issue before the Supreme Court.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On March 13, 2009, plaintiff filed a complaint under 42 U.S.C. § 1983 against Correction Officers Eric Gandy, Anthony Saduk and Andrew Roman ("Defendants") for allegedly assaulting him while he was an inmate at Bayside State Prison ("BSP"), in violation of his Eighth Amendment Rights. [Exhibit ("Exbt") B, generally]. On January 25, 2010, he filed an amended complaint, alleging Eighth Amendment claims against Prison Administrator Karen Balicki, Thomas Sullivan and Commissioner George Hayman. Id.

On July 9, 2007, plaintiff was issued a disciplinary charge for *.002, assaulting any person, *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility, and .502, interfering with the taking of count. [Exbt. D, p.6]. During the disciplinary proceedings, plaintiff filed a

2

request to take a polygraph examination wherein he stated that he was assaulted. Id. at p.28.  The Prison Administrator denied the request.  Id. at p.29.  He was found guilty of all three charges. Id. at p.20.  Plaintiff also provided a statement to the Department of Corrections Special Investigations Division ("SID"), who conducted an investigation into the allegations. Id. at pp.35-36.

On September 6, 2011, defendants filed a motion for summary judgment based, in part, on plaintiff's failure to exhaust his administrative remedies under the PLRA. [Exbt. C, p.16]. Defendants cited Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006), which states that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." Id. pp.16-17.

On June 29, 2012, this court issued an Opinion and Order, denying the motion without prejudice. [Exbt. D, generally].  The court found it undisputed that plaintiff was a prisoner incarcerated with the New Jersey Department of Corrections when he filed his initial complaint. Id. at p.31.  The court also found that plaintiff's counsel admitted that "plaintiff did not exhaust the official administrative remedies detailed in the South Woods State Prison Handbook or in the East Jersey State Prison Handbook." Id. at p.29.  Finding that the PLRA was applicable, the court ruled that plaintiff was required to

exhaust the remedies available to him before filing his complaint. Id. at p.32.

However, this court also found that plaintiff had informed SID of his claim that he was assaulted and that SID conducted an administrative investigation into plaintiff's allegations. Id. at pp.35-37  The court noted that neither party had addressed whether SID's investigation was the same investigation that would have occurred had plaintiff completed a remedy form or whether a parallel grievance procedure exist to satisfy the exhaustion requirement. Id. at pp.39-40.   The motion was denied without prejudice. Id.

On January 15, 2014, the court granted defendants' motion to bifurcate the trial to decide the issue of exhaustion. [Exbt. E] A bench trial was held on March 7, 2014. Id.  On September 29, 2014, this court made the following factual findings: (1) at all relevant times, the New Jersey Department of Corrections maintained a generally standardized inmate remedy system and grievance procedure; (2) that the inmate remedy system and grievance procedure provide the manner in which inmates present complaints to correctional facility staff; (3) that inmates may obtain IRF forms from various locations throughout the various prisons facilities; (4) and that plaintiff's inmate remedy form in this case did not set forth any indication that the coordinator received the request, as it has no department

4

response. Id. at pp.5-9.

In denying the motion, the court stated that "notwithstanding the requirements set forth in the New Jersey Administrative Code, courts have under certain circumstances relaxed the requirement to strictly comply with express exhaustion requirements. Id. at pp.15-16. The court cited Jenkins v. Hayman, No. 09-4989, 2013 WL 3201326, at *9 (D.N.J. June 24, 2013), for the proposition that "[s]ome courts have correspondingly relaxed the strict compliance requirement, in favor of determining whether the non-compliant procedure utilized by the plaintiff satiated the essential purpose of the exhaustion process." Id. at p.16. Accordingly, this court found that plaintiff's presentment of his assault allegations in the context of his disciplinary hearing satisfied the exhaustion requirement. Id. This court further ruled that in the absence of express compliance with applicable administrative remedies, substantial compliance with the purpose underpinning the exhaustion requirement suffices. Id. at p.17.

A stay is appropriate because it would simplify the issue of exhaustion before this court and promote judicial economy. The exhaustion issue before the Supreme Court in Blake, supra, is substantially related to, and directly impacts this case. Both cases concern the application of court precedent for exhaustion under the PLRA and whether exceptions to exhaustion and/or

substantial compliance are permitted.  Furthermore, the Supreme Court's decision in <u>Blake</u>, <u>supra</u>, must also be given full retroactive effect in this case.  See <u>Harper v. Virginia Dep't of Taxation</u>, 509 <u>U.S.</u> 86, 97 (1993).

**<u>ARGUMENT</u>**

**<u>Point I</u>**

**THE SUPREME COURT'S DECISION IN BLAKE MUST BE GIVEN FULL RETROACTIVE EFFECT IN THIS CASE.**

In <u>Harper v. Virginia Department of Taxation</u>, 509 <u>U.S.</u> 86 (1993), the court made a substantive change in federal law when it outlawed selective retroactivity, - the practice of applying a new rule of law promulgated by the Supreme Court to some but not all parties in pending cases.  Before <u>Harper</u>, <u>supra</u>, the leading case for retroactivity had been <u>Chevron Oil Co. v. Huson</u>, 404 <u>U.S.</u> 97 (1971).  <u>Chevron Oil</u> had set forth a three-part test to determine retroactive effect: (1) whether the decision announced a new principle of law; (2) whether non-retroactive application would undermine the purpose of that decision; and (3) whether retroactive application would work a significant inequity.  <u>Id.</u> at 106-108.  But <u>Chevron Oil</u> resulted in selective retroactivity, which "breach[ed] the principal that litigants in similar situations should be treated the same, [which is] a fundamental component of stare decisis and the rule of law generally." <u>James Beam Distilling Co. v. Georgia</u>, 501 <u>U.S.</u> 529, 537-38 (1991).

6

To prevent selective application of new rules, the court ruled in <u>Harper</u>, <u>supra</u>, that when a new rule is announced in a Supreme Court's decision in a civil matter, that rule is applied retroactively to all pending cases.   <u>Harper</u>, <u>supra</u>, 509 <u>U.S.</u> at 97.  The holding in <u>Harper</u> specifically states,

> when this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.
>
> <u>Id.</u>

Furthermore, "the federal law applicable to a particular case does not turn on whether litigants actually relied on an old rule or how they would suffer from retroactive application of a new one."  <u>Id.</u> at 95, n.9.   Therefore, in this case the Supreme Court's decision in <u>Blake</u> must be given full retroactive effect in this case.

### Point II

### THIS COURT HAS BROAD AUTHORITY TO STAY THIS ACTION, PENDING RESOLUTION OF THE APPEAL BEFORE THE U.S. SUPREME COURT.

This court has broad authority to issue a stay of proceedings and "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."  <u>Bais Yaakov of Spring Valley v.</u>

Peterson's Nelnet, LLC, Civ. 11-cv-011, 2011 U.S. Dist. LEXIS 102743 (D.N.J. Sept. 9, 2011)(quoting Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am., 544 F.2d 1207, 1215 (3d Cir. 1976). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936); Hertz Corp. v. Gator Corp., 250 F.Supp. 2d 421, 424 (D.N.J. 2003); United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994); Cessna Aircraft Co. v. Fidelity & Cas. Co. of N.Y., 616 F. Supp. 671, 675 (D.N.J. 1985). "A stay is particularly appropriate and within the court's 'sound discretion,' where the outcome of another case may 'substantially affect' or be dispositive of the issues' in a case pending before a district court." MEI, Inc. v. JCM Am. Corp., No. 09-cv-351, 2009 U.S. Dist. LEXIS 96266, *12 (D.N.J. Oct.15, 2009)(quoting Bechtel Corp., 544 F.2d at 1215). Further, there is no requirement that the parties in the case to be stayed be the same as those in the continuing controlling matter. See Landis v. N. Am. Co., 299 U.S. 248, 255-56 (1936)(courts may stay proceedings pending outcome of controversy to which petitioning party is a stranger).

Here, the Supreme Court has granted certiorari in Blake v. Ross, 787 F.3d 693 (4th Cir. 2015), wherein the question presented is whether the Fourth Circuit misapplied Supreme Court

precedent in holding that there is a common law special circumstances exception to the PLRA that relieves an inmate of his mandatory obligation to exhaust his administrative remedies, when the inmate erroneously believes that he satisfied exhaustion by participating in an internal investigation. [Exbt. A] Defendants raised the same issue before this court in their summary judgment motion, wherein they sought dismissal of the complaint because plaintiff failed to use the Department of Corrections' Inmate Remedy System to exhaust his administrative remedies. [Exbt. C]. Defendants cited Woodford v. Ngo, 548 U.S. 81, 83-84 (2006), as Supreme Court precedent that requires "proper exhaustion," and that "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." Id.

On September 29, 2014, this court denied the motion. [Exbt. D]. Although the court found that there was no indication that the Department of Corrections received plaintiff's inmate remedy form, it noted that courts have under certain circumstances relaxed the requirement to strictly comply with express exhaustion requirements. Id. The court cited Jenkins v. Hayman, No. 09-4989, 2013 WL 3201326, at *9 (D.N.J. June 24, 2013), to note that "some courts have relaxed the strict compliance

9

requirement, in favor of determining whether the non-compliant procedure utilized by the plaintiff satiated the essential purpose of the exhaustion process." Id.

This court held that plaintiff's presentment of his assault allegation in the context of his disciplinary hearing satisfied the exhaustion requirement. Id. at p.16. Citing Nyhuis v. Reno, 204 F.3d 65, 77-78, (3d Cir. 2000), the court held that in the absence of express compliance with applicable administrative remedies, "substantial" compliance with the purpose underpinning the exhaustion requirement suffices. Id. at p.17.

The issue before the Supreme Court is substantially related to the exhaustion issue before this court. Both issues concern the application of court precedent as it relates to exhaustion under the PLRA. Therefore, this court should stay further proceedings in this case pending resolution of the exhaustion issue before the Supreme Court because it has a substantial and direct impact on this case.

### Point III

**A STAY OF THE PROCEEDINGS UNTIL THE SUPREME COURT RULES ON THE EXHAUSTION ISSUE PROMOTES JUDICIAL ECOMOMY, WOULD NOT CAUSE HARM TO EITHER PARTY AND THE LENGTH OF THE STAY WOULD BE MIMIMAL.**

In determining if a stay is appropriate, a court should consider "whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the

length of the stay." <u>McDonald v. Novartis Pharms., Corp.</u>, No.
07-cv-655, U.S. Dist. LEXIS 86140, *1 (D.N.J. Nov. 20, 2007).
Where another court's decision might eliminate a party's claims,
it is appropriate to await that decision rather than potentially
waste judicial resources. <u>Bechtel</u>, <u>supra</u>, 544 <u>F.</u>2d at 1215
("possibility" that arbitration would eliminate legal claims [is]
"sufficient justification to warrant a stay").

Here, a stay is most appropriate because the Supreme Court's
decision to grant certiorari in <u>Blake</u>, <u>supra</u>, has created
uncertainty with respect to application of court precedent for
exhaustion under the PLRA and whether exceptions or substantial
compliance would be permitted. Under these circumstances,
continued litigation would undermine judicial economy and require
needless expenditure of resources by the parties and the court
for trial on issues that would lack finality and may have to be
revisited.

Second, plaintiff will not be harmed by a stay, pending the
decision of the Supreme Court. Plaintiff has since been released
from prison and seeks only money damages for past conduct. [See
Exbt. D, p.16 and Exbt. B generally]. Although this matter has
been pending since 2007, a trial before the Supreme Court
addresses the issue of exhaustion would lack finality and create
uncertainty regarding the application of court precedent and
whether exceptions or substantial compliance, as found by this

11

court, are appropriate under the PLRA.

Finally, the length of the stay would be minimal, particularly when considering the significant benefit to judicial efficiency as discussed above. The Supreme Court has already granted certiorari in Blake and the case will likely be argued during this term. [See Exbt. A]. Thus, a stay of only a few months would be all that is necessary to provide this court and the parties the finality and certainty necessary to proceed efficiently and expeditiously. See Peterson's Nelnet, 2001 U.S. Dist. LEXIS 102743 at *5 (approving stay pending Court of Appeals' en banc review that was itself stayed pending the Supreme Court's decision on a related issue); Linkenmeyer v. Novartis Pharmaceuticals, Corp., Civ. 07-cv-1657, 2008 U.S. Dist. LEXIS 18608, *7-8 (D.N.J. March 10, 2008)(approving stay that would be neither "open-ended or protracted" pending Court of Appeals' decision).

**CONCLUSION**

For the foregoing reasons, the court should exercise its discretion to stay this case pending resolution of the Ross appeal before the U.S. Supreme Court.

Respectfully submitted,

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   /s/Marvin L. Freeman
      Marvin L. Freeman
      Deputy Attorney General

      /s/ Vincent J. Rizzo, Jr.
      Vincent J. Rizzo, Jr.
      Deputy Attorney General

Dated: December 23, 2015