

<table>
<tr><td>Philip D. Murphy<br><i>Governor</i><br><br>Sheila Y. Oliver<br><i>Lt. Governor</i></td><td align="center"><i>State of New Jersey</i><br>Office of the Attorney General<br>Department of Law and Public Safety<br>Division of Law<br>25 Market Street<br>PO Box 112<br>Trenton, NJ 08625-0112</td><td>Gurbir S. Grewal<br><i>Attorney General</i><br><br>Michelle L. Miller<br><i>Director</i></td></tr>
</table>

August 14, 2018

**<u>VIA FAX (856)757-5296 & ELEC. FILING</u>**
Hon. Ann Marie Donio, U.S.M.J.
District of New Jersey
Mitchell H. Cohen Bldg. & U.S. Courthouse
1 John F. Gerry Plaza
Camden, N.J. 08101

        Re:  <u>Vince Jackson v. Eric Gandy, et al.,</u>
              Civil Action No.: 09-cv-1141

Dear Judge Donio:

I represent Eric Gandy, Anthony Saduck and Andrew Roman ("Defendants"), in the above-entitled action. Please accept this letter brief, in lieu of a more formal submission, in support of Defendants' motion to enforce settlement.

### PROCEDURAL HISTORY AND STATEMENT OF FACTS

This case was administratively terminated on April 9, 2018, pending consummation of settlement. Settlement was reached after the court held a telephone conference wherein the parties engaged in settlement discussion with Plaintiff, Vince Jackson, and his attorneys. The case stems from a complaint that was filed on March



13, 2009, pursuant to 42 U.S.C. 1983, wherein Jackson claimed that Defendants used excessive force against him. At that time, he was an inmate at Bayside State Prison.

On April 6, 2018, the case settled before trial was scheduled to begin on April 9, 2018. To facilitate settlement, Jackson's attorneys traveled to the prison where Jackson was incarcerated to allow him to participate in settlement discussions. (See Declaration ("Decl.") of Counsel, ¶6). After some discussion between the parties, with the assistance of the Court, the case settled after Jackson promised to dismiss all claims against Defendants in exchange for Defendants' promise to pay $50,000.00 to Jackson, inclusive of attorneys' fees and cost. Id. at ¶¶7-8. Based on the parties' reliance on these mutual promises, all settlement discussions ceased and trial was adjourned. Id.

On April 10, 2018, Defendants sent Jackson's attorney the Release and Stipulation of Dismissal. (Exhibit-A). Attached to these documents was a letter, confirming that the case settled for $50,000.00 and to reiterate the need for Jackson to resolve any outstanding child support obligations and outstanding debts to the State, including the State Department of Treasury, Office of the Public Defender and the Department of Corrections. Id. The letter further stated that if outstanding debts are not resolved; funds will need to be deducted from the settlement proceeds. Id.

A lien search conducted by the Office of the Attorney General revealed that Jackson has an outstanding debt with the Office of the Public Defender in the amount of $5,479.26, and an outstanding debt with the Department of Corrections in the amount of 7,814.36, for court-imposed financial assessments. (See Exhibits-B and C respectively). These debts remain outstanding.

On May 2, 2018, Mr. Jarashow returned the settlement documents bearing the appropriate signatures, but Jackson's signature was not notarized as required by the State. (Exhibit-D). Mr. Jarashow agreed to revisit Jackson at the prison to obtain his notarized signature. (Decl. of Counsel, ¶10).

On May 16, 2018, Mr. Jarashow advised that Jackson refused to provide a notarized signature to execute the settlement documents because he did not want to pay outstanding liens and court-imposed financial assessments. (Exhibit-E). As a result of follow-up telephone conversations with Mr. Jarashow, it was learned that Jackson had not changed his mind about his refusal to sign and that further attempts to resolve the matter would be futile. (Decl. of Counsel, ¶¶11-12).

On July 3, 2018, Defendants informed the Court of Jackson's refusal to execute the settlement documents and requested to file a motion to enforce settlement. On August 2, 2018, the Court held a telephone conference to discuss the matter. After the

conference, the Court instructed Defendants to file the motion.

## STANDARD OF REVIEW

A settlement agreement is a contract and its enforcement is governed by state law. United States v. Struble, 489 F. App'x 599, 602 (3d Cir. 2012); Excelsior Insurance Co. v. Pennsbuty Pain Center, 975 F. Supp. 342, 349 (D.N.J. 1996). New Jersey has a "strong policy of enforcing settlements . . . based upon the notion that the parties to a dispute are in the best position to determine how to resolve a contested matter." Brundage v. Estate of Carambio, 195 N.J. 575, 600-01 (2008) (internal quotations omitted). In furtherance of that policy, New Jersey courts "strain to give effect to the terms of a settlement wherever possible," and settlements will be enforced "absent compelling circumstances." Id.

An enforceable contract arises from offer, acceptance, and consideration. Creek Ranch, Inc. v. New Jersey Turnpike Authority, 75 N.J. 421 (1978). The parties must agree and manifest an intention to be bound by essential terms that are sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty. Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992). In bilateral contracts or agreements, such as the one in this case where the parties make mutual promises to do some future act, "the consideration of the

Case 1:09-cv-01141-AMD   Document 303-1   Filed 08/17/18   Page 5 of 9 PageID: 3798

August 17, 2018
Page 5

promise of one party is a promise on the part of the other." Excelsior Ins. Co. v. Pennsbury Pain Ctr., 975 F. Supp. 342, 349 (D.N.J. 1996).

Under New Jersey law, the parties are bound by a settlement agreement even absent a writing, as long as they have agreed orally to the essential terms. Zong v. Merrill Lynch Pierce Fenner & Smith, Inc., 632 F. App'x 692, 694 (3d Cir. 2015) (quoting Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1971). See also Kelly v. Boeing, Inc., 513 F. App'x 131, 134 (3d Cir. 2013) ("A settlement agreement is binding once the parties express mutual assent to its terms and conditions, and need not be reduced to writing to be enforceable."); McDonnell v. Engine Distribs., 2007 U.S. Dist. LEXIS 70925, 2007 WL 2814628, at * 3 (D.N.J. Sept. 24, 2007) ("[I]t is sufficient if the parties orally agree on the essential terms, even though they contemplate the later execution of a formal document to memorialize their undertaking."). The party seeking to enforce the settlement has the burden of proving its existence. See U.S. v. Lightman, 988 F. Supp. 448, 459 (D.N.J. 1997).

**ARGUMENT**

**THIS COURT SHOULD ENFORCE THE SETTLEMENT AGREEMENT THAT WAS REACHED BY THE PARTIES ON APRIL 6, 2018, AND LATER REDUCED TO WRITING TO ESTABLISH TERMS AND CONDITIONS.**

In this case, a contract was formed between the parties

consisting of essential terms that were sufficiently definite and supported by consideration to be enforceable by this Court. On April 6, 2018, the Court held a telephone conference with the parties to discuss settlement. (Decl. of Counsel, ¶6). In anticipation of settlement discussions, Jackson's attorneys traveled to the prison facility where he was incarcerated. Id. Jackson was present and involved in settlement discussions throughout the entire conference. Id. After some discussion, the parties agreed to settle the case for $50,000.00, inclusive of attorneys' fees and cost. Id. at ¶7. In exchange for Defendants' promise to pay the sum of $50,000.00, Jackson promised to dismiss all claims against Defendants. Id. In reliance of mutual promises, all settlement discussions ceased and trail was adjourned. Id.

The parties' interaction constituted a bilateral agreement with adequate consideration, based on the parties' mutual promises to do a future act. See Excelsior Ins. Co. v. Pennsbury Pain Ctr., 975 F. Supp. 342, 349 (D.N.J. 1996). This constituted an enforceable agreement under the laws of New Jersey in which the parties are bound by a settlement agreement even absent a writing, so long as they have agreed orally to the essential terms. Zong v. Merrill Lynch Pierce Fenner & Smith, Inc., 632 F.App'x 692, 694 (3d Cir. 2015)(quoting Green v. Hohn H, Lewis & Co., 436 F.2d 389,

390 (3d Cir. 1971). New Jersey law states further that "[a]n agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." <u>Pascarella v. Bruck</u>, 190 N.J. Super. 118, 124-25, (App. Div. 1983) (internal quotations omitted).

Here, Jackson promised to dismiss all claims against defendants, in exchange for Defendants' promise to pay him $50,000.00. (Decl. of Counsel, ¶7). To memorialize the agreement and to reduce it to writing to establish terms and conditions, Defendants drafted settlement documents and submitted them to for Jackson's signature. <u>Id.</u> at ¶8. Defendants reiterated the need for Jackson to resolve all outstanding liens and/or debts owed to the State before payment is made, or any money owed would be deducted from the settlement proceeds. <u>Id.</u>

Although Jackson initially indicated that he agreed to these terms and conditions by signing the settlement documents, he apparently changed his mind and refused to provide a notarized signature because he did not want to pay the outstanding debts. <u>Id.</u> at ¶11. As of this date, the debts remain outstanding. <u>Id.</u>

Jackson has not provided any legitimate justification to renege on his promise. He did not allege fraud or other compelling

August 17, 2018
Page 8

circumstances to justify his lack of cooperation. His only reason for repudiation of the contract was his desire to not be required to pay outstanding liens and court-imposed assessments. However, this is not sufficient to defeat Defendants' motion to enforce settlement. As noted herein, New Jersey law states that absent a demonstration of fraud or other compelling circumstances, a court should honor an agreement to settle the case. See Pascarella v. Bruck, 190 N.J. Super. 118, 124-25, (App. Div. 1983) (internal quotations omitted). Therefore, notwithstanding Jackson's refusal to provide a notarized signature, the oral agreement made between the parties on April 6, 2018, that was reduced to writing to set forth certain terms and conditions, is an enforceable agreement under New Jersey law and should be enforced by this Court.

Should the Court grant this motion, the State would issue three checks. The State Department of Treasury would issue checks directly to the Office of the Public Defender for $5, 479.26 and to the Department of Corrections for $7, 814.36. A check would also be issued to Jackson's attorney for the balance of the settlement amount. Jackson would also be provided with proof that the outstanding debts were paid on his behalf.

August 17, 2018
Page 9

**CONCLUSION**

For the foregoing reasons, Defendants' motion to enforce settlement should be granted.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:  /s/Marvin L. Freeman
     Marvin L. Freeman
     Deputy Attorney General

cc: **VIA ELECTRONIC FILING ONLY**
    B. David Jarashow
    Attorney of Plaintiff